FRANK PFUDL v. F. J. ROMER SONS.[1]

March 12, 1909.

Nos. 16,014—(250).

**Incompetency of Fellow Servant.**

In an action to recover damages for personal injuries alleged to have been caused by the negligence of the employer in retaining in his employ a careless and incompetent fellow servant, it is *held* that in order to recover it was necessary for the plaintiff to prove that the servant was incompetent, that the defendant knew or ought to have known the fact, and yet retained him, and that the accident was caused by the particular incompetency alleged.

[1] Reported in 120 N. W. 302.

107·M.—23

**Same—Evidence Admissible.**

Prior specific acts of negligence on the part of the employee, of which the employer had notice or of which by the exercise of ordinary care he would have had notice, are admissible to prove the incompetency of the employee.

**Assignments of Error.**

Certain assignments of error, directed to the reception of evidence and instructions, considered.

Action in the district court for Ramsey county to recover $30,000 damages for personal injuries. The case was tried before Kelly, J., and a jury which rendered a verdict in favor of plaintiff for $9,000. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*Price Wickersham, How, Butler & Mitchell,* and *Durment & Moore,* for appellant.

*T. P. McNamara,* for respondent.

ELLIOTT, J.

The Hamm Brewing Company was erecting a brick building adjoining a brewery, and F. J. Romer Sons, a corporation, was in charge of the construction. An elevator was used to hoist material from the ground to the place where it was to be used, and the workmen also rode on it when necessary. The power for operating the elevator was furnished by a stationary engine, which was in charge of an employee named Benzel. The elevator was raised and lowered by a cable which passed around a drum on the engine. At one end of this drum was placed a dog, which, when in place, prevented the elevator from descending. When the dog was not in place, the engineer controlled the movements of the elevator by means of friction, which was regulated by a lever. On August 7, 1907, the engineer, Benzel, took Pfudl, one of the workmen, up on the elevator to the fifth floor, where he stepped from the elevator and placed a pail of water on a platform near by. Returning, he found the elevator still in place and stepped upon it, when it fell to the ground and he was severely injured. It appears that, while Pfudl was on the fifth floor, Benzel had left the engine without putting the dog in place. Both Pfudl and Benzel were in the employ of F. J. Romer Sons. In an action brought by Pfudl against

F. J. Romer Sons the plaintiff recovered a verdict, and the defendant appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial.

The plaintiff alleged that the defendant was negligent in that it had carelessly and negligently employed and kept in its service incompetent and insufficient fellow servants of the plaintiff and that by reason of such negligence the plaintiff was injured. On this appeal it is contended that the motion for judgment in favor of the defendant notwithstanding the verdict should have been granted, because the plaintiff failed to prove that the engineer was incompetent, or that the defendant, prior to the accident, had actual or constructive notice that he was incompetent. Numerous errors are also assigned, which the appellant contends required the trial court to grant a new trial.

There was no evidence to show that Benzel was not competent, so far as knowledge and ability to handle the elevator was concerned; but the evidence did tend to show that he was addicted to the use of intoxicating liquors to such an extent as to render him incompetent to properly perform his work, and that the defendant knew, or in the exercise of reasonable diligence should have known, that such was the fact. There was no evidence to show that the defendant was negligent in the original employment of the engineer. The appellant contends that the verdict should have been directed for the defendant, because the plaintiff failed to show that it ever had notice of the particular incompetency of Benzel, and thereafter retained him in its employ. The motion was properly denied, as under the evidence the question was clearly one for the jury.

The court properly instructed the jury that, before the plaintiff could recover, he must prove not only that Benzel was an incompetent servant as alleged, but also that the defendant knew, or ought to have known, before the accident, that he was incompetent, and yet retained him in its employ. 1 Labatt, Master & Servant, § 193a. The particular incompetency alleged was drunkenness, and it requires no argument to prove that a drunken man is incompetent to run an engine when the lives and limbs of other men are at stake.

The jury was instructed that they might determine whether there had been any previous acts of negligence on the part of Benzel which were due to intoxication. The appellant assigns this as error, because

it gave the jury to understand that there was evidence in the case that tended to show that such was the fact. The court was justified in giving this instruction. The evidence tended to show that Benzel was in the habit of drinking every day, that he kept a pail of beer within reach while he was at work, that he had been in a more or less intoxicated condition while at work on the engine for a month or two prior to the accident, and that Mr. Romer, the president of the appellant company, saw him once or twice every day. Benzel had been guilty of other negligent acts in connection with the operation of the elevator, such as suddenly dropping a passenger down a few stories, or leaving the engine without the dog in place, as he did in this instance. The foreman had been advised by a workman that if he did not discharge Benzel he would kill some one by his manner of handling the elevator. Other witnesses testified as to Benzel's drinking habits, and one of the workmen said that it was common talk about the building. The incompetency of Benzel for the particular work was established by ample evidence (Consolidated v. Seniger, 179 Ill. 370, 53 N. E. 733; Williams v. Missouri, 109 Mo. 475, 18 S. W. 1098; Green v. Western, 30 Wash. 87, 70 Pac. 310; Young v. Milwaukee, 133 Wis. 9, 113 N. W. 59), and the jury was justified in inferring from all the evidence that what was so well known to the workmen was or should have been known to the president of the company who saw him every day. 1 Labatt, Master & Servant, p. 421; Hilts v. Chicago, 55 Mich. 437, 21 N. W. 878.

Error is assigned upon the refusal of the court to give an instruction to the effect that "the verdict must be for the defendant, unless a preponderance of the testimony shows (a) that the accident was due to the fact that the engineer, Benzel, was under the influence of intoxicating liquor; (b) that the defendant knew, or in the exercise of ordinary care ought to have known, that Benzel's habits were such that he might be so under the influence of liquor as to render him incompetent to properly operate the engine and elevator." We see no objection to this instruction; but the charge as given, when taken as a whole, expressed the same idea, and it was therefore not prejudicial error to refuse to give the instruction in this form. The jury must have understood that the plaintiff could not recover unless he showed that the act of Benzel was due to incompetency resulting from the use of liquor.

The court sustained an objection to the following question asked Mr. Romer: "Did you ever have any knowledge or belief that he was not competent or fit to act as hoisting engineer on that engine?" The objection was properly sustained, as it was not a question of whether Romer believed Benzel was competent. The question was whether he was justified in so believing. 1 Labatt, Master & Servant, § 125. The witness was permitted to testify that he had no information as to Benzel's habits.

Error is also assigned upon the rulings of the court which permitted the plaintiff to show specific acts of drinking, drunkenness, and negligence on the part of Benzel. These acts were testified to by various workmen, who were in and about the place where Benzel was working. There is no direct evidence to show that Romer knew of the acts in question; but the circumstances were such that the jury was justified in finding that he was charged with notice as a matter of law. We are not required to determine whether specific acts of negligence of which the master had no knowledge are admissible generally to prove the incompetency of a servant. The authorities upon this question may be found collected and reviewed by Judge Sanborn in Southern Pacific Co. v. Hetzer, 135 Fed. 273, 68 C. C. A. 26, 1 L. R. A. (N. S.) 288. See also 1 Labatt, Master & Servant, 411–414. It is conceded by all the authorities that prior specific acts of negligence, of which the master had notice, are admissible to prove the incompetency of the servant, and that a general reputation for incompetency is admissible to show that the master, by the exercise of ordinary care, would have known of such incompetency. The same reasoning requires that evidence of specific acts of negligence should be received when they are of such a character, or when they occurred under such circumstances and conditions that it may reasonably be inferred that they were known to the master, who is charged with notice of what, under the circumstances, he is required to know. The proof of facts of which the master is thus charged with notice is equivalent to the proof of facts of which he had actual knowledge. When the prior negligent acts are of this character, the evidence is competent, and the jury must determine whether under the circumstances the master was charged with notice. The evidence which was objected to in this case tended to show that Benzel was in the habit of drinking liquor to such an extent as to

render him incompetent for the work in which he was engaged. It tended to establish the incompetent condition which results from such habits. The specific acts of negligence occurred in connection with the handling of this engine and elevator, and in view of the circumstances the jury was entitled to determine whether Romer should have known of the manner in which Benzel was doing the work.

The other questions which are discussed on this appeal do not require special consideration.

We find no error in the record, and the order of the trial court is affirmed.