# MIKE STANICH v. PEARSON MINING COMPANY.[1]

May 29, 1913.

Nos. 18,076—(137).

**Duty to instruct servant — evidence.**

1. An employer is not required to warn or instruct an employee as to matters within the knowledge of the employee. Plaintiff and a fellow servant were engaged in "shake blasting" in the breast of a mine by means of dynamite and a cap and fuse. The practice was for each to light a fuse at the same time, then run to a place of safety while both blasts exploded. On the occasion in question each had tried to light his fuse, but only one explosion was heard. They remained away five minutes. There was some evidence that they should have remained away 15 or 20 minutes. On their returning, the other explosion took place and plaintiff was injured. Plaintiff was a miner of some months' experience, and there was no evidence that he did not know how long he should stay away under such circumstances. *Held*, the evidence shows no duty to instruct him in this particular.

**Length of fuse.**

2. It is claimed that the fuse furnished plaintiff was too short, that if it had been longer he might have stopped and discovered that the fuse of his fellow workman had ignited. There is no evidence that such a practice was ever followed and nothing to indicate plaintiff would have taken this course had he had a longer fuse. The fuse was of length always used for this class of work. It was furnished by the powder man and he furnished any length of fuse asked for. Plaintiff never asked for a longer fuse. *Held*, the length of the fuse furnished no ground of liability on the part of defendant.

[1] Reported in 141 N. W. 1100.

Note.—On the question of the master's duty to warn or instruct servant, generally, see note in 44 L.R.A. 33. And as to the duty to warn minor servant of dangers of which he is already aware, see note in 29 L.R.A.(N.S.) 111. And upon the presumption and burden of proof as to capacity of minor servant to comprehend and avoid danger, see note in 29 L.R.A.(N.S.) 487.

As to whether breach of duty to employ or retain none but competent servants may be inferred in fact from their incompetence, see note in 20 L.R.A.(N.S.) 322. And upon the duty of a master to servant to keep informed as to fitness of co-servants in his employ, see note in 1 L.R.A.(N.S.) 288.

**Incompetent fellow servant — retention by employer.**

> 3. Plaintiff contended that defendant was negligent in retaining in his employ an incompetent fellow workman after notice of his incompetency. The evidence of incompetency is that he once threw a quantity of dynamite carelessly to the ground, and that plaintiff so informed defendant. An employer is not liable for negligence in retaining an incompetent fellow servant after notice, unless the accident was caused by the particular incompetency of which he had notice. The accident in this case was not the result of the incompetency of which plaintiff had complained. In fact there is no evidence that the failure to discover that the fuse was lighted, which is alleged as the cause of the accident, was due to any negligence at all.

Action in the district court for Itasca county to recover $35,000 for personal injury received while in the employ of defendant. The answer alleged on information and belief that plaintiff's injury was the result of his own negligence and that of a coemployee, or was the result of risks and dangers incident to the work in which plaintiff was engaged, all of which were understood and appreciated by him and voluntarily assumed. The action was tried before Wright, J., who, at the close of the case, denied defendant's motion for a directed verdict, and a jury which returned a verdict of $4,637 in favor of plaintiff. Defendant's motion for judgment notwithstanding the verdict was denied. From the judgment entered pursuant to the verdict, defendant appealed. Reversed with direction to enter judgment notwithstanding the verdict.

*Alexander Marshall,* for appellant.

*J. De La Motte,* for respondent.

HALLAM, J.

Defendant is engaged in the operation of an underground mine. On June 27, 1911, plaintiff was in defendant's employ as a miner. He and one Lakovich were working in a drift of the mine. They had each bored a small hole horizontally into the breast of the drift and then prepared a "shake blast," that is, a small blast, to make the farther end of the hole larger so that they could insert a bigger quantity of powder for a big blast. The process of shake blasting is to adjust a fuse and cap to a stick of dynamite, then light the fuse.

While the fuse is burning its way to the cap and dynamite, the operator has time to get to a place of safety. Plaintiff and Lakovich were each "shaking a hole." Plaintiff's hole was four or five feet from the ground; Lakovich's was about two inches from the ground, each hole running horizontally into the breast of the drift. Both were to light at the same time. Plaintiff adjusted his charge and lighted his fuse. Lakovich announced that he could not light his, but both ran to a cross-cut and turned a corner, when one explosion took place. Plaintiff again asked Lakovich if he had lighted his fuse. Lakovich answered, "No, it is not lit at all." They waited, however, for five minutes by the watch, because they "thought maybe it did light." They then returned and went to Lakovich's hole first, and when plaintiff got close to it the blast exploded.

At the close of the evidence defendant moved for judgment notwithstanding the verdict. The motion was denied, judgment entered, and defendant appealed. The motion should have been granted.

Plaintiff alleges several grounds of recovery:

1. It is alleged in the complaint that the defendant neglected to warn, caution or instruct plaintiff as to dangers connected with his work. This is one of the grounds urged on this appeal. The claim is that defendant was negligent is not instructing plaintiff as to the proper length of time to remain away when a blast fails to explode.

An employer is obliged to warn and instruct his employee as to dangers known to him but of which the employee has no knowledge. But an employer is not required to give instructions as to matters within the knowledge of the employee. Wendler v. Red Wing Gas & Electric Co. 92 Minn. 122, 127, 99 N. W. 625. There is no intimation in the evidence that plaintiff was not fully informed on this subject. He had worked in this mine 44 days. Previously he had worked in other mines for several months. In all these mines he had used powder, fuses and caps. He said, himself, that he thought at the time he was a good miner. There was no testimony offered in his behalf as to the length of time it was proper to stay away from the blast when it failed to explode. At the close of plaintiff's case there was no intimation that any such ground of recovery was relied upon. On direct examination of one of defendant's witnesses, testi-

mony was elicited that plaintiff should have remained away 15 minutes. The purpose of the testimony is not clear. Probably it was elicited for the purpose of showing contributory negligence. Plaintiff has seized upon this bit of testimony and now seeks to make it the basis of a neglect of duty to warn and instruct him as to the dangers of his work. We hold that the evidence wholly fails to make the proof necessary to such ground of recovery.

2. The next contention is that the fuse furnished plaintiff was too short. Both fuses were the same length. If Lakovich's fuse had burned out too quickly, there would have been force in this contention. But it burned longer than plaintiff anticipated. This was doubtless due to the fact that the powder was not continuous in the fuse. It is not claimed that this fact constituted a defect in the fuse. Plaintiff's counsel contends that if plaintiff's fuse had been longer he might have stopped to see if Lakovich had lighted his fuse before running to a place of safety, after lighting his own. But there is no evidence on the part of plaintiff or any of his witnesses that this practice was ever followed or to sustain any assumption that plaintiff would have followed it had a longer fuse been used. It clearly appears without contradiction that this fuse was of the length always used for this work, and it further appears that if any operative desired a longer fuse, he might obtain from the powder man a fuse of any length.

The evidence is insufficient to sustain recovery on the ground of defect in the fuse.

3. It is further contended that the accident was due to the incompetency of Lakovich, that he was not a competent workman and that defendant had notice of that fact.

Lakovich was a fellow servant of plaintiff. Defendant was not responsible for an injury due to his unfitness, unless it had knowledge or notice thereof. The evidence on this subject is as follows: Plaintiff testified:

"I seen him one day when he was carrying fuse, caps and dynamite in his hand, and carrying it along, and when he come to the place where we were working, he took and threw it down, and I was afraid that I might get hurt or some accident happen to me the way he

used it. * * * I told the boss the time I seen this and after that he never done it."

He said that the "boss" or foreman told him he would give him a new partner as soon as he could. Plaintiff further testified that on the day before the accident he spoke to the "boss" again and "he told me he would give me a partner tomorrow, or the next day, or two or three days afterwards." If this accident had been caused by the careless handling of dynamite on the part of Lakovich, plaintiff's contention would have considerable force. His testimony constitutes some evidence of Lakovich's carelessness in this particular and of defendant's notice thereof; but the accident did not result in any such manner. On this occasion Lakovich performed his work properly. He did not know that he had lighted his fuse, but there is no evidence that his manner in lighting the fuse or his failure to ascertain that it was lighted was due to any carelessness or incompetency on his part, and there is no evidence that he was incompetent for this class of work.

But even if these facts disclosed incompetency, it was not the incompetency of which plaintiff had complained. The rule is well settled that, to render an employer liable because of negligence in retaining in his employ an incompetent fellow servant, it must appear that the accident was caused by the particular incompetency alleged. Pfudl v. F. J. Romer Sons, 107 Minn. 353, 120 N. W. 302; 26 Cyc. 1302. There is here not the slightest connection shown between the failure of Lakovich to ascertain that his fuse was lighted and his manner of handling sticks of dynamite of which plaintiff had complained. There can be no recovery on the ground of any incompetency of Lakovich of which defendant had knowledge or notice.

This disposes of the grounds on which this action is based.

The judgment appealed from must be reversed, with direction to enter judgment notwithstanding the verdict.