DAVID P. ALLEN, Respondent, v. QUERCUS LUM-
BER COMPANY, Appellant.

Springfield Court of Appeals, July 10, 1914.

1. MASTER AND SERVANT: Personal Injuries: Retaining In-
competent Fellow Servant: Proof Required. In order to hold
a master liable for injuries to a servant because he knowingly
retained in his employ an habitually careless, negligent and
incompetent fellow servant, it must be shown that such in-
competent servant was guilty of some negligence or miscon-
duct directly contributing to produce the injury.

2. INSTRUCTIONS: Must Conform to Pleading. The theory of
the instructions in a case must follow that advanced by the
pleadings.

3. MASTER AND SERVANT: Personal Injuries: Evidence Ex-
amined: Held Insufficient. Action by servant against master
to recover damages alleged to have been occasioned by the
retention in the master's employ of an incompetent fellow-
servant. Evidence examined and reviewed. *Held*, insufficient
to sustain the allegations of the petition or to make out a case
on the humanitarian theory.

Appeal from Butler Circuit Court.—*Hon. J. P. Foard,*
Judge.

REVERSED.

*M. U. Hayden* and *Sheppard & Green* for appel-
lant.

(1) The burden was upon the respondent to es-
tablish, by a preponderance of all the evidence, three
facts: First, that Foister was inexperienced, unskill-
ful, habitually careless and incompetent to operate
the derrick and engine with reasonable safety to re-
spondent and others employed around same. Second,
that appellant either knew of such incapacity or by
the exercise of ordinary care would have known of

it. Third, that respondent's injury was the direct and proximate result of such. incapacity of said Foister. A failure to prove any one of these three facts deprives respondent of the right to recover herein. Huffman v. Railroad, 78 Mo. 50; Kersey v. Railroad, 79 Mo. 362; Grube v. Railroad, 98 Mo. 330; Adams v. Machine Co., 95 Mo. App. 111; Roblin v. Railroad, 119 Mo. 476; Dysart v. Railroad, 145 Mo. 83; Zumwalt v. Railroad, 35 Mo. App. 661; Tucker v. Telephone Co., 132 Mo. App. 418, 112 S. W. Rep. 6; Snodgrass v. Steel Co., 173 Pa. St. 230; Kellogg v. Lumber Company, 125 Mich. 223; Gier v. Railroad, 108 Cal. 129; Bank v. Chandler, 144 Ala. 286, 113 Am. St. 39; Johnson v. Railroad, 162 Mich. 301, 127 N. W. 271. (2) The burden was upon respondent to prove that Foister was guilty of some act of negligence or misconduct directly contributing to his injury. Kersey v. Railroad, 79 Mo. 362; Allen v. Quercus Lumber Co., 171 Mo. App. 492, 157 S. W. 661; Tucker v. Telephone Co., 132 Mo. App. 418; Railroad v. Phillips, 100 Va. 362, 41 S. E. 726; Fuller v. Mining Co., 64 W. Va. 437, 63 S. E. 206; Cases cited. (3) Even if it be held that there is evidence tending to prove that Foister was unskillful and incompetent and that appellant knew or, in the exercise of ordinary care, would have known it, the rule is nevertheless well established that to render appellant liable because of negligence in retaining him in its employ, it must appear that respondent's injury was caused by the particular incompetency alleged and proven. Stanich v. Mining Co., 141 N. W. 1100; Pfudl v. Romer Sons, 107 Minn. 353; Szelikicki v. Lumber Co., 144 N. W. 255; Johnson v. Railroad, 162 Mich. 301; Fuller v. Mining Co., 64 W. Va. 437.

*David W. Hill* for respondent.

(1) Appellant erroneously states the law. It says that the plaintiff was bound to prove that the engineer

was both "habitually careless and incompetent," while the law is that the plaintiff is entitled to recover if he has proved that the engineer was either habitually careless or incompetent. However, in this case it is conclusively shown that the engineer Foister was not only habitually careless, but likewise incompetent. Allen v. Lumber Co., 171 Mo. App. 501. (2) This court will try this case on the same theory upon which it was tried in the court below. Dice v. Hamilton, 178 Mo. 89. (3) All the evidence in favor of plaintiff introduced at the first trial was introduced at the second trial and it is preserved in the appellant's abstract of the record and respondent's additional abstract of the record, and in addition to the evidence adduced at the first trial what this court deemed the missing link has been abundantly supplied, and therefore, plaintiff is entitled to an affirmance of the judgment below. Allen v. Lumber Co., 171 Mo. App. 492; Tetwiler v. Railroad, 170 Mo. App. 473.

FARRINGTON, J.—This case is here on the second appeal, the plaintiff having first recovered a judgment for two thousand dollars which was reversed and the cause remanded as shown by the opinion of this court reported in 171 Mo. App. 492, 157 S. W. 661. On retrial the plaintiff recovered a judgment for fifteen hundred dollars and defendant brings its appeal.

The case was tried both times on an amended petition which is as follows:

"Plaintiff states that the defendant now is, and was at all the times hereinafter mentioned, a business corporation, duly organized and existing under and by virtue of the laws of the State of Missouri, engaged in the manufacture of lumber at its plant adjacent to the city of Poplar Bluff, in said county.

"Plaintiff further states that on the 28th day of June, 1911, while the plaintiff, as a common laborer, was in the employ of the defendant, the defendant, its

officers and agents, well knowing, or by the exercise of ordinary care could have known, that Walter Foister was inexperienced, unskillful, habitually careless and incompetent to operate an engine and derrick then used by the defendant in lifting logs from place to place in defendant's lumber yard at its plant aforesaid, carelessly and negligently at and prior to the date last aforesaid employed and retained in its employ the said Walter Foister (a fellow-servant of plaintiff) to operate said engine and derrick, and as a result of the carelessness and negligence of the defendant, its officers and agents, in employing and retaining in its employ said Walter Foister, for the purpose of operating said engine and derrick, after the defendant, its officers and agents knew, or by the exercise of ordinary care could have known, that said Walter Foister was inexperienced, unskillful, habitually careless and incompetent to operate said engine and derrick with reasonable safety to plaintiff and other employees of the defendant working near and around said derrick, and as a result of the inexperience, unskillfulness, habitual carelessness and incompetency of the said Walter Foister on the date last aforesaid, while lifting a log from a railroad car to defendant's lumber yard, by means of said derrick and engine, then being operated by said Walter Foister, said log was then and there unskillfully and carelessly caused and permitted by said operator of said engine and derrick, Walter Foister, to suddenly and violently strike plaintiff, knocking him down upon other timbers and then to fall upon his back, head and limbs and drag entirely over, along and across his body, thereby permanently wounding and bruising plaintiff's back, lungs, chest, hips, back portion of the head and crushing his skull in the forehead, severing the temporal artery on the left side of his forehead, whereby plaintiff was permanently disfigured and permanently disabled from earning his daily wages, which, at the date of his injuries,

amounted to one dollar and seventy-five cents per day, and as a result of all of said injuries plaintiff has suffered and will hereafter suffer great physical pain and mental anguish, all to his damage in the sum of ten thousand dollars.

"Wherefore, plaintiff prays judgment against the defendant for the said sum of ten thousand dollars, his damages aforesaid, with all costs of this suit."

The defendant answered by a general denial, a plea of contributory negligence, and a further averment that the injuries were suffered as a direct result of conditions which were ordinary incidental risks to the work in which plaintiff was engaged, which new matter was put in issue by a general denial in the reply.

The facts developed at this trial are so similar to those proven in the first trial that the statement contained in the opinion of Sturgis, J. (171 Mo. App. l. c. 497-500), will suffice to show the situation on this appeal, and we will in the opinion mention casually only the additional facts deemed material to a decision of the questions before us.

At the close of plaintiff's case an instruction in the nature of a demurrer to the evidence was offered by the defendant and overruled.

The defendant offered no evidence, and the plaintiff requested no instructions.

The court, at the request of the defendant, gave the following instructions which show the theory on which the case was submitted to the jury:

"I. The court instructs the jury that if you find the issues for the plaintiff, you cannot, in determining what injuries you will compensate him for, consider such as were inflicted by the log first striking the plaintiff, but only such as were sustained by him by reason of the log being permitted negligently to drop upon him after he had fallen, and then dragged

across his body, provided that you find only that such dragging was negligently done."

"III. The court instructs the jury that even though you find from the evidence that the engineer, Foister, carelessly handled the engine and derrick and log on the occasion when plaintiff was injured, plaintiff is still not entitled to recover unless he had proved by the greater weight of the evidence that such carelessness was the sole and only and direct cause of his injuries."

"IV. You are further instructed that before plaintiff can recover for any injuries inflicted upon him by the log striking him after he was knocked down, the burden is upon him to prove by the greater weight of the evidence that after the log struck him and knocked him down, the engineer, Foister, saw, or by the exercise of ordinary care could have seen, that he had been knocked down, and that said Foister then carelessly and negligently permitted said log to fall on him, and unless plaintiff has so proved both of these facts he cannot recover for any injuries inflicted upon him by reason of the log striking or falling on him after he was first struck by it and knocked down."

"VIII. You are instructed that the fact that Foister, on occasions previous to the one on which plaintiff was injured, may have operated the engine and derrick unskillfully and carelessly does not prove or even tend to prove that he handled said derrick and engine unskillfully and carelessly on the occasion when plaintiff was injured."

These instructions manifestly declare correct propositions of law and would have been properly given had there been any evidence on which to submit the case to the jury.

For the disposition of this case it may be admitted that Foister, the engineer, was proven to have been

habitually careless, negligent and fractious, and handled the engine and derrick on numerous occasions in an incompetent and unskillful manner, and further, that a knowledge of these deficiencies came home to the defendant. But for plaintiff to make out a case, he must also show that the injuries were received as a direct result of such handling of the machinery *at the time the injuries were inflicted.* In other words, the act of negligence and misconduct charged in the petition must have been proven to have directly contributed to his injury. [Allen v. Quercus Lumber Co., supra.] In the case of Kersey v. Railroad, 79 Mo. 362, 365, it is said: ". . . but certainly the master cannot be held liable unless the incompetent servant was guilty of some negligence or misconduct directly contributing to produce the injury." [See, also, Tucker v. Telephone Co., 132 Mo. App. 418, 112 S. W. 6; Stanich v. Pearson Mining Co. (Minn.), 141 N. W. 1100; Johnson v. Lake Shore & M. S. Ry. Co. (Mich.), 127 N. W. 271; Welsh v. Pennsylvania R. Co. (Pa.), 43 Atl. 402.] There is no evidence whatever in this record that at the time of the accident the engineer, Foister, was fractious or careless in any manner. According to the plaintiff's own statement, Foister obeyed the signal to tighten the hooks to see that the log was properly fastened and that he then obeyed plaintiff's signal to move the log away. It is true plaintiff says he should have moved the log along a line farther north than it did go, but it had to be moved both east and north and plaintiff knew this, and there is no showing that it was a careless or negligent act to move the log and derrick first in an easterly direction. Indeed, owing to the fact that some logs were directly north of where this log lay when hooked, very likely that was the only way it could have been moved. Besides, the fact that it was moved farther east than perhaps the plaintiff thought it would go is out of the case as he is precluded in an instruction—and rightly

so—from recovering because the log first took the direction it did and knocked him down. He could only recover, under the instructions of the court, for injuries received after the log knocked him down—for such, if any, because the log was allowed to drop and drag over him. He must fail on this theory, if for no other reason because there is no charge in the petition that after being knocked down and placed in a position of peril he was seen or by the exercise of reasonable care could have been seen and by the use of ordinary care in handling the instrumentalities in the hands of the engineer been saved. The theory of the instructions must follow that advanced by the pleadings. [Hufft v. Railroad, 222 Mo. 286, 303, 121 S. W. 120; Black v. Street Ry. Co., 217 Mo. l. c. 685, 117 S. W. 1142 (concurring opinion).]

But waiving the absence of such a charge in the petition, the evidence absolutely fails to make out any such case. The log must by the force of gravity when lifted swing toward the end of the derrick's boom to which the chains were fastened, and it could be but an instant of time for the log to drag over the plaintiff after it had struck and knocked him down. It may be true that by stopping the engine the log was allowed by the force of gravity to drag over plaintiff when down, but the plaintiff was supposed to get to a place of safety before he gave the signal to move the log away, and the engineer had a right to expect him to use that much care for his own safety. Foister's attention, after receiving that signal, must necessarily have been on the engine, the handling of the derrick, and the movement of the log, and believing, as he had a right to, that plaintiff was in a place of safety, his negligence must have occurred, if at all, after the plaintiff was knocked down, and the interval of time after plaintiff was down was of too short a duration to charge anyone with negligent conduct. Besides, the evidence does not show that with the means at Foister's command he

could have averted the accident by any action on his part had he acted ever so quickly and skillfully. The evidence as a whole fails to sustain the charge of negligence in the petition and also fails to make out a case on the humanitarian theory.

In our former opinion, this language was used (l. c. 506): "We have been asked to reverse this case without remanding the same but we are not certain that all the facts of the case were properly shown on the former trial or that we have correctly understood and interpreted such facts. Under these circumstances the case is reversed and remanded to be retried in accordance with this opinion."

As the retrial failed, in our opinion, to show a ground for recovery, the defendant's demurrer to the evidence should have been given. The judgment is accordingly reversed. *Robertson, P. J.,* and *Sturgis, J.,* concur.

