KERSEY, *Appellant*, v. THE KANSAS CITY, ST. JOSEPH & COUNCIL BLUFFS RAILROAD COMPANY.

**Incompetency of Fellow-servant.** To enable a servant to recover of his master for injuries sustained through the instrumentality of a fellow-servant, it is not sufficient to show that the fellow-servant was incompetent and that the master was guilty of negligence in employing him. It must also appear that the fellow-servant was guilty of some act of negligence or unskillfulness directly contributing to the injury.

*Appeal from Holt Circuit Court.*—HON. H. S. KELLEY, Judge.

AFFIRMED.

*A. H. Vories* and *James W. Boyd* for appellant.

*Strong & Mosman* for respondent.

HOUGH, C. J.—This is an action to recover damages for injuries sustained by the plaintiff while in the service of defendant as brakeman on a train propelled by a locomotive which was at the time of the injury with the knowledge and consent of the defendant in charge of a fireman, who it is alleged the defendant knew was incompetent and unfit to manage a locomotive. The circuit court directed a non-suit, and the plaintiff has appealed.

The petition is as follows: " That the defendant is and for more than four years last past has been a railroad corporation, duly incorporated under and by virtue of the laws of Missouri; that as such corporation defendant owns and operates and during the time aforesaid has owned and operated its railroad from Kansas City to Council Bluffs and through the station called Bolckow, in Andrew county; that the defendant operates its said railroad by its agents, servants and employes; that about the month of July, 1874, plaintiff was employed by defendant as a brakeman on defendant's said railroad, and in and about the coupling of defendant's cars; that while so employed, and while he was in the discharge of his duty as such brakeman on and about defendant's freight cars at said station, about the 28th day of December, 1874, plaintiff was, by the mismanagement, carelessness and negligence of defendant, caught between two of defendant's said cars and greatly injured, hurt and wounded, and plaintiff's right hand was then and there greatly mashed, broken, bruised, hurt and injured; that in consequence of said injuries received as aforesaid, plaintiff was compelled to have his fore finger amputated, and his middle finger was and is stiff and useless; that in consequence of said injuries plaintiff suffered great bodily pain for four months, during which time he was unable to attend to any business, and suffered great pain and anguish of

mind, by reason of all which plaintiff is damaged in the sum of $5,000.

" Plaintiff further states that the injuries received resulted to plaintiff by reason of the mismanagement, carelessness and negligence of the defendant in this: that at the time plaintiff was mashed, hurt and injured as aforesaid by defendant's said train of cars, there was no engineer in charge of or running the locomotive engine which propelled said train of cars, and said locomotive engine was then and there, without the knowledge or consent of plaintiff, and with the knowledge and by the permission and authority of defendant, being managed, controlled and run by a fireman; that said fireman was not at said time and never had been an engineer, nor was he fit or competent to perform the duties of an engineer; that at said time said fireman did not have the necessary and requisite skill to properly run, control or manage a locomotive engine, of all which defendant, at said time, had full and complete knowledge."

It will be observed that this petition wholly fails to allege that the fireman was actually negligent, careless or unskillful in the management of the engine at the time plaintiff was injured, and that such negligence or unskillfulness caused the injury. The general allegation that the " plaintiff was, by reason of the mismanagement, carelessness and negligence of defendant, caught between two of defendant's said cars and greatly injured, hurt and wounded," is expressly and specifically limited and explained by the subsequent allegation, to-wit: " Plaintiff further alleges that the said injuries resulted to him by reason of the mismanagement, carelessness and negligence of the defendant in this, that at the time plaintiff was mashed, hurt and injured as aforesaid by defendant's said train of cars, there was no engineer in charge or running the locomotive which propelled said train of cars, but said locomotive engine was, then and there, without the knowledge or consent of plaintiff, and with the knowledge and by the permission and authority of defendant, being managed, controlled and

run by a fireman; that said fireman was not at said time and never had been an engineer, nor was he fit or competent to perform the duties of an engineer; that at said time said fireman did not have the necessary and requisite skill to properly run and control or manage a locomotive engine, of all which defendant, at the said time, had full and competent knowledge."

The fireman and the plaintiff were fellow-servants, (*McGowan v. Railroad Co.*, 61 Mo. 528) ; and the permission of the master that the fireman should act as engineer, was undoubtedly a temporary employment by the master of the fireman as engineer. The petition seems to have been framed upon the theory that if a servant is injured through the instrumentality of an unfit and incompetent fellow-servant, and the master has been guilty of negligence in employing such incompetent servant, he will be liable to the injured servant although the incompetent servant was, at the time of the injury, guilty of no negligence or unskillfulness. Such is not the law. The rule is, that where one servant is injured by the negligence or unskillfulness of a fellow-servant in the performance of his duties, and such servant was incompetent or unfit for the duties assigned him, the master will be liable if he was guilty of negligence in employing or retaining in his service such incompetent servant; but certainly the master cannot be held liable unless the incompetent servant was guilty of some negligence or misconduct directly contributing to produce the injury. It is not enough that one servant is injured while an incompetent servant, known by the master to be such, is engaged in the same common employment. In the case of *Harper v. Railroad Co.*, 47 Mo. 567, there was an allegation that the plaintiff was injured by the mismanagement of the locomotive while under the control of the fireman. There is no such allegation here, and the judgment of non-suit cannot be disturbed.

The judgment will be affirmed. All the judges concur.