## HOBBS et al. v. ROBBINS et al.

(Court of Civil Appeals of Texas. San Antonio. Jan. 10, 1912.)

TRIAL (§ 331*)—VERDICT—INDEFINITNESS.

Certain colts having been levied on as the property of plaintiff's husband, she brought suit against the constable and the sureties, etc., claiming that the colts belonged to her. The judgment creditor intervened, claiming that they were the separate property of the husband, or community property, and subject to his execution. The ownership of the colts having been submitted to the jury, they returned a verdict finding, first, that plaintiff and her husband "were entitled to the colts"; second, that there was no damage to them while held by the constable; third, "that the defendant was not the owner of the colts," and that the intervening creditor "get his account paid and the interest." Held, that the verdict was so uncertain that it was not sufficient to support a judgment.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 783; Dec. Dig. § 331.*]

Appeal from Guadalupe County Court; J. M. Woods, Judge.

Action by N. A. Hobbs and another against R. E. Robbins and others. Judgment for defendants, and plaintiffs appeal. Reversed and remanded.

P. E. Campbell, for appellants.

JAMES, C. J. This was an action by Mrs. N. A. Hobbs and her husband against Robbins, a constable, and the sureties on his official bond, alleging, in substance, that Robbins had seized, under an execution against her husband, two colts, which were the wife's separate property, and praying for judgment for the recovery of the animals and for $100 damages for injury to one of them while in the constable's possession, and, in the event the animals were not forthcoming, for judgment for their value, $300, and $100 attorney's fee; it being alleged that in taking the animals Robbins was insulting and oppressive, and caused plaintiff great humiliation.

Robbins and his sureties pleaded by demurrers and denial; that Robbins acted in the matter in pursuance of a certain execution, and at the instance of J. Schnakel, the judgment creditor of E. M. Hobbs, the husband, and denying any insulting or oppressive conduct; that Schnakel had given Robbins an indemnity bond, and asked for judgment over on this bond; and that plaintiffs had sued out a writ of sequestration, which was wrongfully issued, because the bond was not signed by plaintiff or her husband, and was not approved by the county clerk.

Schnakel intervened, pleading his judgment and execution, and that the colts were the separate property of the husband, or community property, and subject to his execution; that he caused Robbins to make the levy as his agent, and that the sequestration bond was not signed by the plaintiffs nor approved by the clerk; that said sequestration bond inures to his benefit, and he prayed that if it be found that the sequestration was wrongfully sued out that he have judgment against the principals and sureties therein; and that the animals be delivered back to Robbins, to be sold under the execution.

Upon these pleadings, the case was tried. The court charged the jury, after defining at unnecessary length what was separate and what was community property, that if they

found the colts were a gift by the husband to the wife, not made with intent to hinder, delay, or defraud creditors of the husband, they were the separate property of Mrs. Hobbs and not liable on this execution, and, if they so found, to find for her, as against Robbins and his sureties, for the possession of the animals, etc. But if they failed to find that they were the separate property of Mrs. Hobbs, by reason of a gift, they should find that they are the community property of N. A. Hobbs and E. M. Hobbs, and, as such, liable for the debt of the husband. The above submission of the decisive question was clear.

The verdict of the jury was:

"We, the jurors, find that Mr. and Mrs. Hobbs were entitled to the colts.

"We, the jurors, further find that there was not any damage on the colts amounting to anything.

"We, the jurors, find that the defendant was not the owner of the colts.

"Foreman, Gus Altenhof.

"We, the jurors, find the intervener gets his account paid and the interest.

"Gustav Altenhof."

The court construed the verdict as finding that the animals were community property. If this meaning be given to it, we are at a loss to account for the second finding, which would have been unnecessary, except upon the theory that the jury thought they were finding for plaintiffs. The other findings throw no light on the matter.

On the other hand, the first finding leaves the matter in doubt. The jury may have meant, by finding that Mr. and Mrs. Hobbs were entitled to the property, that it was their joint property. Such a construction is possible, when the finding is read in connection with the charge as given, and it so impressed the trial judge.

The difficulty with obscure verdicts is that an effort to obtain their meaning by construction is liable to lead to the substitution of a different result from that intended by the jury. As is stated in Van Valkenberg v. Ruby, 68 Tex. at page 142, 3 S. W. at page 748: "However informal a verdict may be, if it is responsive to the issues, and its meaning be clear, it will be held good; but, if its construction is doubtful, no judgment should be rendered upon it."

This verdict is, to say the most of it, uncertain and doubtful as to its meaning, and no construction that we are able to give it removes the doubt from our minds. We therefore hold that it was error to enter judgment upon it.

We think the court held correctly in allowing Schnakel to intervene. The record does not disclose the sequestration proceeding sufficiently to justify us in expressing any opinion on that branch of the case.

Reversed and remanded.