## Fix, Executor, et al. v. Button, et al.

(Decided January 7, 1916.)

### Appeal from Trimble Circuit Court.

Wills—Contest—Mistrial.—Where upon the trial of a will contest the jury returned into court a verdict that the paper was the will of decedent, but appended to it a statement that certain property of the decedent belonged to one of the contestants, although it had been devised to another, and the court declined to receive the verdict, and the same jury on the same evidence and without additional instructions subsequently returned into court a verdict that the paper was not the will of decedent, the court should have declined to receive the last verdict and declared a mistrial, as there was no real basis upon which to enter a judgment.

CHAS. CARROLL, CLAUDE B. TERRELL and MOODY & BARBOUR for appellants.

EDWARDS, OGDEN & PEAK for appellees.

OPINION OF THE COURT BY JUDGE TURNER—Reversing.

In August, 1908, H. P. Fix, a resident of Trimble county, died, aged eighty-four years, and thereafter in the county court an instrument purporting to be his last will and testament, dated August, 1905, was probated as such. He left a widow and four children, two of the latter by a former marriage. Two of the children prosecuted an appeal to the circuit court from the order of probate, alleging mental incapacity and undue influence.

On the first trial in the circuit court a verdict was returned finding against the will, but the court, upon the motion for a new trial, and for reasons not now necessary to state, granted a new trial.

On the next trial the jury first returned into the court the following verdict signed by its foreman, to-wit: "We the jury find the paper marked 'A' to be the last will of H. P. Fix, but exclude the Corn Creek farms, which we find belong to Oral Button, free from any indebtedness."

This verdict the court declined to receive and directed the jury to return to their jury room and further consider the case. Thereafter the jury, without hearing further evidence and without any additional instructions from the court, returned into the court the following verdict, to-wit:

"We of the jury find from the evidence that the paper marked 'A' and offered for probate was at the time of its execution procured by undue influence and is not the last will of H. P. Fix."

The propounders at the time the last verdict was returned into court asked the court to refuse to accept the same, and their said motion was overruled, to which they excepted. They then entered a motion that the court accept the first verdict and enter a judgment thereon, which motion was also overruled and they excepted. The instructions concisely submitted the issues as to mental capacity and undue influence, but did not authorize the jury to find that any particular item in or part of the will might be separated in the verdict from the instrument as a whole on the issue of undue influence. In other words they submitted the question of undue influence as to the instrument as a whole and did not authorize a finding that any certain item or part of it had been procured by undue influence. Under these instructions, therefore, it was clearly inconsistent for the jury to say, as it did in the first verdict, that the paper was the will of H. P. Fix, and at the same time to say that the Corn Creek

farms, which had been devised by the testator to another, were the property of Mrs. Button; and while the court might properly have accepted the first verdict and entered a judgment establishing the will and ignoring that part of it dealing with the Corn Creek farms as surplusage, yet it was not improper, in view of the effort of the jury to return a verdict not authorized by the instructions, for the court to decline to receive it and direct them to further consider the case, as was done. But when the jury upon the same trial and upon the same evidence and under the same instructions returned into court a verdict and finding diametrically opposed to the one it had previously returned, it presented a state of case which demanded some action upon the part of the court. The court had before it two verdicts of the same jury on the same trial on the same evidence and under the same instructions, one to the effect that the paper in question was the will of H. P. Fix and another that it was not.

Under this state of case it was the duty of the trial judge after having declined to receive the first verdict—which action we are not inclined to disapprove under the circumstances—to have also declined to receive the second verdict, which was utterly repugnant to and inconsistent with the first finding of fact. He should have entered an order declaring a mistrial and continued the case.

In this situation the court had no real basis upon which to enter judgment; any judgment which might be entered was necessarily based upon the finding of fact by the jury that the paper was or was not the will of H. P. Fix, and having before him two findings by the same jury on the same evidence and under the same instructions utterly inconsistent one with the other, he should, after having in the first place declined to enter a judgment on the first verdict, have also declined to enter one on the second verdict.

It is apparent from the first verdict that the jury believed the paper to be the true will of the deceased, but felt that as he had not disposed of the Corn Creek farms in accordance with their ideas of propriety they would devise them for him to Mrs. Button; and after finding that they could not thus dispose of decedent's property according to their own views, in effect, declared in the second verdict that if they could not dispose of the Corn Creek farms for him they would not permit him to dis-

pose of any of his property. It is clear that they were not sufficiently impressed with the solemnity of the oath which they had taken, and were willing to return any verdict which would bring about a division of the property in accordance with their own views of what the decedent should have done. They lost sight entirely of the fact that they were the triers of the issues submitted to them by the court, and not the distributors of the decedent's property.

As there must be another trial of this case we have purposely refrained from discussing the evidence or its effect.

The judgment is reversed with directions to grant appellant a new trial and for further proceedings consistent herewith.