## TEXAS ELECTRIC RY. v. BURT.
### (No. 187.)

(Court of Civil Appeals of Texas. Waco.
April 2, 1925. Rehearing Denied
April 30, 1925.)

1. Negligence ⬥142—Findings of negligence and unavoidable accident inconsistent.

Where jury found defendant negligent, and also that injury was result of unavoidable accident, entry of judgment for plaintiff could not be sustained, as two findings were inconsistent and would require new trial.

2. Street railroads ⬥110(1)—Petition for negligence sufficient.

Petition alleging street railroad failed to keep lookout or ring bell or give any warning, and ran car at excessive rate of speed, and that servants discovered plaintiff's danger, and by use of ordinary care could have prevented injuries, held to state cause of action.

Appeal from Hill County Court; W. L. Wray, Judge.

Action by L. U. Burt against the Texas Electric Railway. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Beall, Worsham, Rollins, Burford & Ryburn, of Dallas, and Wear, Wood & Wear, of Hillsboro, for appellant.

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Frazier & Averitte, of Hillsboro, for appellee.

BARCUS, J. Appellee filed this suit, seeking judgment against appellant for damages which he claimed he suffered to himself, his wagon and his mule by reason of his wagon, on which he was riding, being struck by an interurban car in the corporate limits of the city of Hillsboro. Appellee alleged that the appellant was negligent in failing to keep a lookout, in failing to ring the bell or give any warning, and in running the car at an excessive rate of speed, and that the servants of appellant saw and discovered appellee's danger, and by the use of ordinary care could have prevented the accident. Appellant filed general demurrer, general denial, plea of contributory negligence, and specially pleaded that the injury was caused by an unavoidable accident. The cause was submitted to a jury on special issues, and, based on the jury's findings the court entered judgment for appellee; hence this appeal.

[1] The jury found that the agents of appellant in charge of the interurban were negligent, in that they failed to keep a reasonable lookout, failed to give any warning of the approach of the car, failed to have the car under control, and were running same at an excessive rate of speed; and found that each of said acts of negligence was the proximate cause of the injury. The jury found that appellant did not discover appellee's peril in time to have avoided or prevented the injury. The court submitted the following special issue: "Is plaintiff's injury, if any, the result of an unavoidable accident? Answer this question 'Yes' or 'No.'" To which the jury answered: "Yes."

Appellant assigns error on the trial court, having entered judgment on the findings of the jury because same are in conflict, in that the jury found that the appellant was guilty of negligence as above stated, and further found that plaintiff's injury was the result of an unavoidable accident. We sustain this assignment. If the injury was the result of an unavoidable accident, then appellant could not be guilty of negligence in the respects which the jury found it was negligent. The two findings are inconsistent. If the accident was unavoidable, then it could not have been caused by the negligence of appellant. Boyles v. McClure (Tex. Com. App.) 243 S. W. 1080. A verdict rendered on findings by the jury very similar to this was reversed by the Court of Civil Appeals for the Seventh District in the case of Mayo v. Ft. W. & D. C. Ry. Co. (Tex. Civ. App.) 234 S. W. 937. Where the findings of the jury on special issues are in conflict, the trial court cannot render a judgment for either party, but must set the findings aside and grant a new trial. Kahn v. Cole (Tex. Civ. App.) 227 S. W. 556; Hobbs

v. Robbins (Tex. Civ. App.) 142 S. W. 847; Texas Refining Co. v. Alexander (Tex. Civ. App.) 202 S. W. 131; Southern Traction Co. v. Gee (Tex. Civ. App.) 198 S. W. 992.

[2] Appellant assigns a number of errors on the action of the trial court in failing to sustain its general demurrer and special exceptions to plaintiff's petition. We overrule said assignments. We think appellee's petition alleges a cause of action.

Appellant assigns error because of the trial court's refusal to give its peremptory instruction to the jury to return a verdict for it. We overrule these assignments. The evidence was sufficient to submit the questions to the jury. The other matters complained of by appellant will not likely arise on another trial.

For the error herein stated, the judgment of the trial court is reversed, and the cause remanded.