FRANK MUNOZ, RESPONDENT, v. AMERICAN CAR & FOUNDRY COMPANY, A CORPORATION, APPELLANT.*

St. Louis Court of Appeals. Opinion filed June 7, 1927.

**1.—Master and Servant—Servant Injured—Negligence—Fellow Servants—Furnishing of—Habitually Careless and Negligent—Petition—Sufficiency.** In an action for damages for personal injuries sustained on account of a large piece of iron falling on plaintiff's foot while unloading a truck, where the petition specifically alleged that the defendant negligently and carelessly furnished plaintiff with employees· to work with while unloading said truck, moving the iron therefrom, who were negligent, careless, incompetent, ignorant, inexperienced and habitually careless and negligent, specifying the particulars in which the defendant's employees were negligent and charging that the defendant negligently and carelessly retained such employees who worked with plaintiff after having knowledge of such alleged habitual negligence and carelessness, and further alleged that, while plaintiff was engaged in unloading the pieces of iron, together with other employees of defendant, from said truck, due to the negligence and carelessness of defendant, a large piece of iron was caused to fall on plaintiff's foot and seriously injuring him as a direct result of such negligence, **held** sufficient to state a cause of action considering that no demurrer, motion to strike or to make more definite and certain, or objection to the introduction of evidence was made, either before or during the progress of the trial.

**2.—Pleading—Petition—Sufficiency of—Not Challenged in· Trial Court—Appellate Practice.** Where the sufficiency of a petition to state a cause of action· was not challenged by demurrer, motion to strike or to make more definite and certain,· or objection to the introduction of evidence either before or during the progress of the trial, the petition will be construed liberally on appeal, and its allegations accorded every reasonable inference and intendment arising from such liberal construction.

**3.—Instructions—Not Requiring Jury to Find Specific Negligence Pleaded—Misleading and Erroneous.** In an action by a servant for damages for personal injuries, where the petition pleads a cause of action on account of the

employment of habitually careless and negligent servants, an instruction which covered the entire case and directed a verdict **held** misleading and erroneous and too general to constitute a guide for the jury under the pleadings and evidence, and gave the jury a roving commission to find in plaintiff's favor upon any supposed ground of negligence which it might discover, and did not require the jury to find the specific negligence pleaded in the petition, in that it did not require the jury, as a predicate for finding that the employee "was habitually negligent and careless, and not reasonably safe to work with in the doing of said work, and would be likely to cause injury to persons thereat," that they find and believe from the evidence any of the facts set out in the petition and supported by testimony from which negligence could be inferred.

**4.—Evidence—Servant's Action for Injuries—Statement of Fellow Servant —Res Gestae.** In an action by a servant for damages for personal injuries caused by a piece of iron falling on his foot while unloading a truck, statements of a fellow servant made immediately after the piece of iron had fallen on plaintiff's foot and while he was lifting it off **held** admissible as part of the **res gestae.**

**5.—Same—Same—Master Furnishing Careless and Negligent Fellow Servant—Safety Council—Testimony as to Membership—Neither Relevant Nor Competent.** In an action by a servant for damages for personal injuries caused by a piece of iron falling on his foot, refusing defendant the right to adduce testimony to the effect that its company had a safety council made up of certain of its employees whose duty it was to look after the matter of increasing the safety of employees, and that a fellow employee charged to be habitually negligent and careless was a member of such council **held** proper, as such testimony was neither relevant nor competent to prove any issue in the case.

---

*Corpus Juris-Cyc. References: Evidence, 22CJ, p. 446, n. 30; Master and Servant, 39CJ, p. 526, n. 31; p. 533, n. 84, 87; p. 534, n. 88; p. 535, n. 94; p. 546, n. 70; p. 932, n. 23; p. 934, n. 53; p. 991, n. 33; p. 998, n. 95, 97, 98, 1; p. 1035, n. 15, 16; Pleading, 31Cyc, p. 79, n. 4; p. 80, n. 5; Trial, 38 Cyc, p. 1603, n. 59; p. 1612, n. 14; p. 1613, n. 15.

Appeal from the Circuit Court of the City of St. Louis.—Hon. Erwin G. Ossing, Judge.

Reversed and remanded.

*Watts & Gentry* and *Arnot L. Sheppard* for appellant.

*G. A. Orth,* of counsel.

(1) Respondent's petition wholly fails to state a cause of action on the only ground of negligence upon which he went to the jury. Kersey v. Railroad, 79 Mo. 362; Tucker v. Telephone Co., 132 Mo. App. 418. (2) (a) Instruction No. 1 is too general to constitute a correct guide for the jury under the pleadings and the evidence and amounts to a roving commission given to the jury to find in respondent's favor upon any supposed ground of negligence it may discover. Smith v. Anderson Motor Service Co., 273 S. W. 741; Ward v. Poplar Bluff Ice & Fuel Co., 264 S. W. 80; West v. Holla-

day, 196 S. W. 403; Allen v. Lumber Co., 190 Mo. App. 399; East-ridge v. Lumber Co., 188 Mo. App. 438; Feldewerth v. Railroad, 181 Mo. App. 630; Jackels v. K. C. Rys. Co., 231 S. W. 1023. (b) Instruction No. 1 is further erroneous for the reason that neither hypothesis therein contained is sufficient standing alone to sustain a verdict; the first because: (1) plaintiff and Reyes were fellow servants; (2) no negligence on Reyes' part is pleaded; (3) no negligence on his part is proved; and the second because it is too general and does not require the jury to find the specific characteristics of negligence pleaded in the petition. Allen v. Lbr. Co., 157 S. W. 662, 664, 171 Mo. App. 492; Allen v. Lbr. Co., 168 S. W. 794, 182 Mo. App. 280. (c) The instruction is broader than the petition. It permits the jury to find that Frank Reyes was negligent at the time of respondent's injury, whereas such negligence is neither pleaded nor proved. Boles v. Dunham, 208 S. W. 480; Stid v. Railroad, 236 Mo. 382; State ex rel. v. Ellison et al., 270 Mo. 645, 195 S. W. 722; Courter v. Mercantile Co., 266 S. W. 340; Kuhlman v. W. L. & T. Co., 271 S. W. 788. (d) That portion of the petition which attempts to plead a cause of action on the ground of Reyes' incompetency states specifically in what respects he was incompetent, thereby limiting respondent's recovery to incompetency in those respects, whereas the instruction permits a recovery upon a general finding by the jury that he was incompetent in any respect. The instruction, therefore, is broader than the petition and proof, under the authorities last above cited, and in addition to this permitted a recovery without requiring the jury to find any causal connection between his injury and the particular trait of character alleged to have given rise to his carelessness or negligence. Allen v. Lumber Co., 171 Mo. App. 492, 157 S. W. 661; Allen v. Lumber Co., 182 Mo. App. 280, 168 S. W. 794; Burns v. McDonald Mfg. Co., 252 S. W. 984. (3) There is no competent evidence connecting Reyes with respondent's injury in any way. Respondent did not see the iron which fell on him until it was already on his foot and does not know what caused it to fall. Reyes' remarks after the injury constituted a mere narrative of what had occurred and were not a part of the *res gestae* and were, therefore, incompetent. Jackels v. K. C. Rys. Co., 231 S. W. 1923; Redmon v. Railroad, 185 Mo. 1, and cases cited; Pryor v. Payne, 263 S. W. 982; Ruschenberg v. Railroad, 161 Mo. 70; State ex rel. v. Trimble, 276 S. W. 1020. (4) The court should have sustained appellant's demurrers for the reason that respondent failed to plead or prove that Reyes was incompetent or that his incompetency was the proximate cause of respondent's injury. (a) The mere fact that a fellow servant is incompetent does not tend even prima facie to establish negligence on the part of the employer. Huffman v. Ry. Co., 78 Mo. 50; Kersey v. R. R. Co., 79 Mo. 362; Tucker v. Tele-

phone Co., 132 Mo. App. 418; Allen v. Quercus Lumber Co., 171 Mo. App. 492, 157 S. W. 661. (b) Taking into consideration Reyes' statement of how the accident happened, there is no evidence tending to show any negligence on his part at the time the casualty occurred. Hawley v. Lusk, 184 S. W. 1173. (5) The court erred in excluding appellant's evidence tending to show that Frank Reyes was a captain on the safety committee in appellant's plant. This was certainly competent as a circumstance throwing light upon whether or not Reyes was habitually careless and negligent and whether or not appellant had knowledge of it. (6) (a) The court erred in failing to rebuke counsel and discharge the jury on account of respondent's counsel's statement in argument, calling on appellant to explain the absence of Reyes as a witness in this case. The evidence showed not only that Reyes' evidence was just as available to respondent as it was to appellant, but that appellant had made every effort possible to obtain his attendance as a witness. Atkinson v. United Rys., 228 S. W. 483. (b) The court erred in failing and refusing to rebuke counsel and discharge the jury when respondent's counsel, in argument, made the highly prejudicial statement that an employee could get a lot of toes mashed at appellant's factory for a dime; and suggesting that appellant was trying to conceal certain facts. Jackman v. Railway, 206 S. W. 244. (7) The verdict is excessive. (8) Neither the trial court nor this court is bound by the evidence of respondent, which purports to show that Frank Reyes was habitually careless and negligent, for the reason that such evidence is palpably untrue. The record in this case discloses beyond the peradventure of a doubt that the charge of habitual carelessness and negligence in regard to Frank Reyes was an afterthought and was conceived long after this suit was filed. Steele v. Railway, 265 Mo. 115; Flack v. Railroad, 224 S. W. 421; Lindsey v. Shaner, 236 S. W. 322.

*Mark D. Eagleton* and *E. J. Hullverson* for respondent.

(1) The evidence showed a prima-facie case for the jury based upon the habitual negligence and incompetency of Reyes as alleged in plaintiff's petition. Burns v. McDonald Mfg. Co., 213 Mo. App. 640; Houston v. Foundry Co., 282 S. W. 170, and cases cited. It was the positive and nondelegable duty of defendant to furnish reasonably safe fellow-workmen. Houston v. Foundry Co., 282 S. W. 170, and cases cited. The petition sufficiently pleads defendant's negligence, the habitual negligence and incompetency of Reyes, and that his negligence caused plaintiff's injuries. A very liberal construction of it must be made. Morrow v. Service Co., 286 S. W. 106. (2) Plaintiff's Instruction No. 1 required a finding of defendant's

negligence in furnishing Reyes, a habitually negligent and incompetent servant, to work with plaintiff, and that Reyes negligently caused the piece of iron to fall upon plaintiff's foot, all of which is alleged in plaintiff's petition. The instruction follows the language of the petition and is correct. Laycock v. Rys. Co., 235 S. W. 91; Smith v. Greer, 257 S. W. 829. (3) No error can be predicated by appellant upon the exclusion of any evidence because: (a) Defendant's motion for new trial does not adequately allege or point out the evidence excluded, and is insufficient to preserve the matter for appellate review. Bartner v. Darst, 285 S. W. 449. (b) Evidence that Reyes was appointed captain on a safety committee in appellant's plant was not competent. He might have been appointed because he was careless and negligent, in order to induce him to be more careful and set an example for others. The offered evidence did not show whether he was appointed before or after plaintiff was injured. It was not relevant or competent to prove any issue in the case. (4) Appellant cannot predicate error upon the admission of testimony because: (a) Defendant's motion for new trial does not point out or designate the evidence complained of and is insufficient to preserve the matter for appellate review. Bartner v. Darst, 285 S. W. 449. (b) The evidence as to Reyes' statement at the time plaintiff was injured was competent and admissible as part of the *res gestae.* Beeson v. Fleming, 285 S. W. 708; State ex rel. v. Trimble, 285 S. W. 729; Barz v. Yeast Co., 308 Mo. 288, and cases cited; Kuether v. Power Co., 276 S. W. 105; Nahorski v. Rys. Co., 271 S. W. 749; Pryor v. Payne, 263 S. W. 982; Talbert v. Ry Co., 284 S. W. 499; Chapman v. Mfg. Co., 263 S. W. 993. (5) The verdict was not excessive. (6) (a) It was proper to comment upon defendant's failure to produce Reyes as a witness. Miller v. Clay Prod. Co., 282 S. W. 141; Hartman v. Hartman, 284 S. W. 488; State v. Finkelstein, 213 S. W. 465; State v. Emory, 79 Mo. 461; State v. McCord, 237 Mo. 242; Kennett v. Construction Co., 273 Mo. 279; State v. Shepherd, 192 S. W. 427; State v. Kester 201 S. W. 62; State v. Linders, 299 Mo. 671. (b) The argument of plaintiff's counsel as to the value of injured toes was proper, and further was in proper reply to a similar argument of defendant's counsel.

BECKER, J.—Plaintiff's action for damages for personal injuries resulted in a judgment in his favor and against the defendant in the sum of $1850. After moving unsuccessfully for a new trial defendant brings the case here on appeal.

Whilst the second amended petition upon which the case was tried contains three assignments of negligence, we are, on this appeal, concerned with the single assignment of negligence upon which plaintiff submitted his case to the jury, the charging part of which reads as follows:

"Plaintiff states that while he was engaged in unloading pieces of iron, together with other employees of defendant, from a large truck, due to the negligence and carelessness of defendant, a large piece of iron was caused to fall on plaintiff's foot and seriously injure him as a direct result of the negligence as follows:

"That defendant negligently and carelessly furnished plaintiff with employees to work with while unloading said truck and moving said iron who were negligent and careless, incompetent, ignorant and inexperienced, and habitually careless and negligent, in that said employees would, without warning, move said pieces of iron on said truck without advising plaintiff thereof and would attempt to lift large pieces of iron unassisted and would disregard signals used in connection with said work and would attempt to pry from underneath large pieces of said iron small pieces so that they would not be required to engage in the carrying of the large pieces of iron, and who negligently disobeyed orders given in connection with said work, and that defendant negligently and carelessly retained said employees at work with plaintiff after having knowledge of the matters aforesaid, and that due to the negligence as aforesaid, plaintiff suffered the following severe and permanent injuries."  .  .  .

Defendant's answer was a general denial.

The evidence discloses that plaintiff, a Spaniard, was working with Frank Reyes, a Mexican, engaged in unloading junk iron from a small push car about six feet long, the body of which was about two feet above the ground. At the time of the casualty the loaded truck stood in a north and south position, plaintiff standing a foot south of the north end of the truck and on the west side thereof, while Reyes was on the same side but at the south end. The truck was loaded indiscriminately with pieces of iron of various kinds and shapes, and it was the duty of plaintiff and Reyes to take these pieces of iron from the push car and carry them to a machine some twenty feet distant, where they were cut up by shears and remelted. Plaintiff and Reyes had been at work unloading this car for several hours, and had already unloaded half of the iron from the car, and were then about to unload a piece of iron four feet long, ten inches wide, and two inches thick, weighing some four hundred pounds.

Plaintiff testified that he was reaching out to take hold of this particular piece of iron when he heard somebody shout, which caused him to turn around to see who it was, at which moment the piece of iron in question fell from its place on the car, upon his left foot, injuring four toes thereof. Plaintiff did not know of his own knowledge whether or not Reyes had taken hold of the piece of iron which fell upon his foot, as his back was turned at the moment the piece of iron fell, but over defendant's objection plaintiff was permitted

to testify that when Reyes started to remove the piece of iron from plaintiff's foot he, Reyes, said he was "taking off a small piece of iron from the bottom of the big piece." . . .    "He said it fell off because he was pulling a little piece of iron from the bottom of the big piece."

Plaintiff further testified that at the time Reyes started to work for the defendant company, "he was a good worker, but that he was lazy, and did not like to do his work; that sometimes in the evening Reyes would go up and take a piece of iron and throw it away, that way (illustrating); that sometimes Reyes would get up there and before another fellow could get a piece of iron he would pull it out, this way (illustrating) and sometimes pinch my fingers, and that when Reyes unloaded a particular car he just threw the pieces of iron; that he did not look around before throwing them to see if anybody was there; that when two of them were carrying a piece of iron, Reyes would let his end drop first; that he would pull a piece of iron and not see what he was doing and just throw it that way."

Plaintiff further testified that on one occasion their boss saw Reyes "careless" at his work and that the boss called him (plaintiff) to him and said: "Frank, go up and tell Frank Reyes not to be so careless with the work; that he work like the other men; if he don't I will send him back to Mexico." Of this occasion, in another part of his testimony, plaintiff testified that his foreman told him to tell Reyes. "I am tired of seeing him work the way he is working, and I want him to work like the rest of the men are working. If he don't I will send him back to Mexico." This particular incident, according to plaintiff's testimony, occurred about a week prior to the day on which plaintiff met with his injury.

Plaintiff, in addition to his own testimony, adduced that of Dr. Edward B. Kinder, who testified to the nature and extent of plaintiff's injuries.

The foreman or boss of plaintiff and Reyes testified that Reyes was neither careless, negligent nor incompetent; that he at no time told plaintiff to tell Reyes not to be so careless, and also denied that he told plaintiff Reyes was not doing his work properly.

Defendant offered one of its safety inspectors in the department in which plaintiff was injured as a witness, and sought to show by him that Frank Reyes, on the day plaintiff met with his injuries, was a captain in what is known in the company's plant, as its safety committee. The court, upon objection, refused to admit such evidence, defendant saving its exception to the ruling, and offering to prove that the witness, as safety inspector, had authority and did appoint different workmen as captains of safety committees, whose duties were to look after the matter of increasing the safety of employees, and to advise with him and with the employees regarding the

efforts that were being made to reduce the number of accidents, and that Frank Reyes was appointed a captain on this safety committee.

The defendant adduced testimony· to the effect that, at the instance of the defendant, depositions of Frank Reyes had been taken but that after the depositions had been transcribed Reyes, though he had promised to come to the office of the attorney for the defendant to sign them, failed to do so, and though the defendant sent out to the address given· by Reyes, he was not to be found there. so that Reyes' depositions were not available for use at the trial, nor was the defendant able to find Reyes thereafter, though, "he had been at the steel plant recently, within the last two or three weeks."

The defendant assigns as error that plaintiff's second amended petition fails to state a cause of action on the only ground of negligence upon which the case went to the jury, in that said petition nowhere alleges that Reyes was guilty of any negligence at the time plaintiff was injured. It is argued that nowhere does the petition plead that Reyes negligently or carelessly caused the piece of iron that struck plaintiff's foot to fall from the push car.

An examination of the record discloses that the defendant did not attack the sufficiency of the petition as to this assignment of negligence prior to the trial either by demurrrer or by motion to strike out or to make more definite and certain, nor did the defendant at the commencement or during the progress of the trial, interpose any objection to the introduction of testimony in support of this assignment of negligence upon the ground that it does not state facts sufficient to constitute actionable negligence upon the part of the defendant.

In the very recent case of Morrow v. Gas & Elec. Co. (Mo.), 286 S. W. 106, l. c. 111, our Supreme Court, dealing with a situation where the defendant, without having attacked the petition by written demurrer or by motion to make more definite and certain prior to the trial, but where defendant had contented itself with a demurrer *ore tenus* at the commencement of the trial, held that "while it is true that defendant does not waive the right to challenge the sufficiency of the petition to state a cause of action at any stage of the case, nevertheless courts do not look with favor on the practice of waiting until the trial to challenge the sufficiency of a pleading, and this court, because of the untimeliness of the attack, will view the petition with a benignant eye, and accord to its allegations every reasonable inference and intendment arising from a very liberal construction. [Haseltine v. Smith, 154 Mo. 404, 55 S. W. 633; Stonemets v. Head, 248 Mo. 243, l. c. 251-2, 154 S. W. 108; Parish v. Casner (Mo.), 282 S. W. 408.] Applying a liberal and reasonable

construction to the petition herein, we are of the opinion that it states a cause of action.''.

In Tucker v. Tel. Co., 132 Mo. App. 418, l. c. 425-6, 112 S. W. 6, the necessary elements for recovery on account of the employment of a habitually careless and negligent servant are concisely stated as follows:

''Facts constitutive of a cause of action of this character are these: First, that the servant whose negligence caused the injury was incompetent; second, that the injury was caused by the servant's incompetency; third, that the fact of incompetency was known, or by the exercise of reasonable care should have been known to the master; and, fourth, that the master, after actual or constructive acquisition of such knowledge, negligently retained the servant. All of these facts are indispensable, and a failure to plead and prove any of them is fatal to the maintenance of the action.'' [See Houston v. Amer. Car & F. Co. (Mo. App.), 282 S. W. 170; Isaacs v. Smith (Mo. App.), 275 S. W. 555 l. c. 558; Huffman v. Railroad, 78 Mo. 50; Kersey v. Railroad, 79 Mo. 362; Grube v. Railroad, 98 Mo. 330, 11 S. W. 736, 4 L. R. A. 776, 14 Am. St. Rep. 645; Tucker v. Tel. Co., 132 Mo. App. 418, 112 S. W. 6; Allen v. Lbr. Co., 171 Mo. App. 492, 501, 157 S. W. 661; Burns v. McDonald Mfg. Co., 213 Mo. App. 640, 646, 252 S. W. 984.]

When we analyze plaintiff's petition, in light of this assignment of error, to determine whether or not it sets up the necessary elements for recovery as for the negligent act of the master in employing and keeping in its employ an incompetent servant, we find it specifically alleges that the defendant negligently and carelessly furnished plaintiff employees to work with while unloading *said* truck and moving the iron therefrom who were negligent, careless, incompetent, ignorant, inexperienced and habitually careless and negligent in that, among other things, such employees would attempt to pry small pieces of iron from underneath the larger pieces so that they would not be required to engage in the carrying of the large pieces of iron, and that the defendant negligently and carelessly retained such employees who worked with plaintiff after having knowledge of such alleged habitual negligence and carelessness; and the petition further alleges that while plaintiff was engaged in unloading the pieces of iron, together with other employees of the defendant, from a large truck, due to the negligence and carelessness of defendant, a large piece of iron was caused to fall on plaintiff's foot and seriously injure him, as a direct result of such negligence.

Having in mind that no demurrer, motion to strike or to make more definite and certain, or objection to the introduction of evidence was made, either before or during the progress of the trial, and that the petition is therefore to be construed liberally on appeal,

and according its allegations every reasonable inference and intendment arising from such liberal construction, we are of the opinion and so hold that it is not open to the particular attack here made upon it, and that it does state a cause of action.

Instruction numbered one, given at the request of plaintiff, which covers the entire case and directs a verdict, is here attacked on several grounds. The instruction reads as follows:

"The court instructs the jury that if you find and believe from the evidence that on or about the 11th day of February, 1924, plaintiff was in the employ of defendant as a laborer and as such was engaged in handling and moving pieces of iron at defendant's place of business and that defendant furnished another employee, F. Reyes, to work with and assist plaintiff in said work, and that at said time said F. Reyes was engaged in removing iron from a truck there and caused a piece of said iron to fall on plaintiff's foot injuring him, and that said iron was caused to fall as a direct result of the negligence and carelessness of F. Reyes, if you so find, and if you further find that said F. Reyes was habitually negligent and careless and not reasonably safe to work with in the doing of said work and would be likely to cause injury to persons thereat and that defendant knew or by the exercise of ordinary care could have known thereof, but furnished said F. Reyes to work with and assist plaintiff in said work, and that defendant was guilty of negligence in furnishing plaintiff with said F. Reyes to work with, if you find defendant did so, and that plaintiff was injured as a direct result of the said negligence of defendant, if you find defendant was negligent in that respect, then your verdict must be in favor of the plaintiff and against the defendant."

It is complained that this instruction is too general to constitute a correct guide for the jury under the pleadings and the evidence, and amounts to a roving commission given to the jury to find in plaintiff's favor upon any supposed ground of negligence it may discover, and that it does not require the jury to find the specific negligence pleaded in the petition.

The point is well taken. Plaintiff's petition, which pleads a cause of action on account of the employment of habitually careless and negligent servants, and states specifically that defendant's employee was careless in the following particulars:

"1.   Said employees would move pieces of iron on the truck without advising respondent thereof;

"2.   Would attempt to lift large pieces of iron unassisted;

"3.   Would disregard signals used in connection with said work;

"4.   Would attempt to pry from underneath large pieces of iron small pieces so that they would not be required to engage in the carrying of large pieces of iron;

"5.   Negligently disobey orders given in connection with the work."

Yet an examination of the instruction discloses that it does not require the jury, as a predicate for finding that the employee, Reyes, "was habitually negligent and careless, and not reasonably safe to work with in the doing of said work, and would be likely to cause injury to persons thereat," that they find and believe from the evidence any of the facts set out in the petition and supported by testimony from which such negligence could be inferred.   In other words, it fails to instruct the jury what acts or omissions on the part of said Reyes, if any, found and believed by them from the evidence to be true, would constitute Reyes a habitually careless and negligent servant and the employment of Reyes negligence on the part of the defendant.

Instructions containing like error have repeatedly been held to tend to mislead the jury rather than to aid it to reach a just verdict, and that such error is harmful and prejudicial.     [Smith v. Motor Serv. Co. (Mo. App.), 273 S. W. 741; Ward v. Ice & Fuel Co. (Mo. App.), 264 S. W. 80; Allen v. Lbr. Co., 190 Mo. App. 399, l. c. 406, 177 S. W. 753.]

We next consider the complaint that the trial court erred in permitting plaintiff, over the objection of defendant, to testify as to what Reyes said to plaintiff immediately after the piece of iron had fallen on plaintiff's foot and whilst Reyes was lifting the iron off of the foot.   It is contended that Reyes' remarks after the injury constituted a mere narrative of what had occurred and were not a part of the *res gestae* and were therefore incompetent.

This statement of Reyes was made immediately after the iron had fallen upon plaintiff's foot and whilst he, Reyes, was in the very act of lifting the iron from plaintiff's foot, and in light of the more recent cases in which the former rule of the *res gestae* has been materially modified and a broader view of the subject taken by our Supreme Court, we rule that the trial court committed no error in the admission of the testimony.   [Beeson v. Fleming (Mo.), 285 S. W. 708; Rosenwig v. Wells, 308 Mo. 617, 273 S. W. 1071.]   [See, also, Barz v. Yeast Co., 308 Mo. 288, 271 S. W. 361, and cases therein cited.]

The complaint that error was committed in refusing defendant the right to adduce testimony to the effect that its company had a safety council made up of certain of its employees whose duty it was to look after the matter of increasing the safety of employees, and that Reyes was a member of this committee, is without merit, as in our view such testimony is neither relevant nor competent to prove any issue in the case.

In light of what we have said above, because of the error in instruction numbered one given at the request of the plaintiff, the judgment should be reversed and the cause remanded. It is so ordered.

*Daues, P. J.,* and *Nipper, J.,* concur.