DAISY L. MACK, RESPONDENT, v. ACACIA MUTUAL LIFE ASSN., APPEL-
LANT.—65 S. W. (2d) 1045.

Kansas ·City Court of Appeals.   November 6, 1933.

*Sherman & Sherman* and *Louis V. Stigall* for respondent.

*Landis & Landis* for appellant; *E. M. Thore,* of Counsel.

SHAIN, P. J.—This is a suit in two counts brought by Daisy L.
Mack, widow of Walter L. Mack, deceased, as plaintiff against Acacia
Mutual Life Association, appellant herein, defendant below.

The facts as shown by the record are briefly; that the defendant had on the 1st day of April, 1928, for value, issued its policy of insurance No. 225032 declared upon in the first count of the petition, on the life of plaintiff's deceased husband in the sum of $5,000 and that said defendant had on April 1, 1928, for value, issued its policy of insurance No. 243828, declared upon in the second count of said petition, on the life of plaintiff's deceased husband.

It stands admitted that the plaintiff is the beneficiary named in each policy.

It stands admitted that Walter L. Mack departed this life February 2, 1931. Plaintiff makes claim that all requirements precedent to recovery have been duly met. There is no issue as to formal proof of death having been made.

The defendant pleads as defense that deceased had permitted each of the policies to lapse by failure to pay premiums due at the quarterly installment, January 1, 1930. Further answering defendant states that deceased on April 5, 1930, executed an application for reinstatement, which application stated that he was in good health and not sick since January 1, 1930, the date that the policy lapsed under the contract. Further that deceased's statements were warranties conditioned that they become a part of the contract and if false reinstatement to be null and void.

It is clear from the evidence that there was a default and that reinstatement was based upon the truthfulness of deceased's representation as to health. The defense herein is predicated upon allegation of the falsity of deceased's warranties as to health under the allegation that same was false for reason that at the time reinstatement was had deceased had a goiter and that said goiter directly contributed to his death and upon further allegation that after the death of plaintiff's husband, the defendant denied liability for reasons stated above. The defendant further pleads that whereas parties were unable to reach an agreement, that the plaintiff and defendant entered into compromise agreements and settlements as to both policies and that contracts in writing were entered into between plaintiff and defendant as to both policies, wherein plaintiff acknowledged satisfaction in full as to all further liability upon the payment of $2,500 from the defendant to plaintiff. The evidence shows said amount was paid to plaintiff.

The defendant offered evidence in support of its allegation as to the deceased having a goiter. The instruments of writing embracing the settlements are in evidence and upon their face present settlements in due form and full release in due form.

The plaintiff in reply denied the allegations as to falsity of warranties in application for re-instatement, denied existence of a goiter and set up that the contract and release aforesaid was secured by fraud and duress upon the part of defendant and therefore void.

Plaintiff offered evidence in support of her allegation denying existence of goiter and also evidence upon which duress is based, but failed to offer sufficient proof of fraud on the part of defendant.

Trial was by jury and the jury found for plaintiff for $5,000 on each count giving credit, however, for $2500 already paid, leaving balance of $7500, from which defendant duly appealed to this court.

## OPINION

The defendant appealing has in its brief made the following assignments of error:

### "ASSIGNMENT OF ERRORS

"I.

"The court erred in refusing the defendant's three general demurrers; one at the close of plaintiff's case, one at the close of plaintiff's rebuttal and one at the close of the whole case.

"II.

"The court erred in refusing defendant's special demurrer, Instruction F.

"III.

"The court erred in refusing defendant's Instruction E.

"IV.

"The court erred in refusing defendant's Instruction C.

"V.

"The court erred in giving plaintiff's Instructions No. 1 and No. 2.

"VI.

"The verdict of the jury is for the wrong party, is contradictory on its face under the instructions, and is contrary to the instructions of the court and is the result of sympathy, and passion and prejudice."

Defendant's assignments one (I) and two (II) deal with the question of bar to plaintiff's action by reason of fact that plaintiff had not tendered or paid back the $2500 paid to her for settlement and release.

Much authority is cited in the briefs touching the above issue.

Authorities cited are intended as guide posts to the court. General rules of law present a broad and easily marked out course. However, law is reason and when the reason of law ceases, the law ceases, wherein there often appears many divergent paths by way of exceptions to the rule. At such a point in the path of judicial review there may arise confusion, for the reason that the pathway of exception to be taken depends upon the reason for the ceasing of the general rule.

The general rule as to rescission of contract is undobutedly to the effect that restoration of the *status quo* is precedent to the right of action.

It, of course, must be conceded that plaintiff's right of action in

this case is barred unless the issue involved brings the case within an exception to the general rule.

The cases cited in the briefs in this case seem to be cited indiscriminately and without regard as to the particular reason, if any, as to whether or not the rule or exception should apply in this particular case. Most of the cases cited on one hand deal in the question of fraud, wherein it is held that where fraud is shown to inhere in the procurement of the contract, no tender is requisite. Counter cases are cited wherein the fraud inures in the release itself or in the treaty, wherein the general rule and not the exception applies.

As the question of the compromise agreement being procured by fraud on the part of defendant was withdrawn by defendant's instruction No. 1, fraud cases cease to be directly germane to the issue herein involved.

The question of duress, however, is in this case, and the discussion as to contracts procured by duress ofter very closely follow parallel lines with fraud cases.

In fraud cases there is a well marked distinction as between contracts as to liquidated and unliquidated claims, as to the issue of restoring *status quo* of parties and we see no reason why the same distinction does not as a general rule apply in duress. Another question that comes up for consideration is this: While compromise settlements are as a general rule given the same consideration as to validity as is applied to contracts in general, still there sometimes arises conditions in compromise settlements wherein our courts in accordance with reasons make distinctions. The text in C. J., Vol. 12, at pages 355-6-7, paragraphs 57 and 58, is to the effect that the same rules or exceptions as to restoration, apply to cases wherein either fraud or duress is claimed.

Appropo to the determination of the question of rescission of contract for any cause, fraud and duress included, the question of consideration *supercedes* all other questions involved and independent of question of whether fraud or not, or duress or not, if it appears that the party on the one hand parted with nothing that he had a right to retain and the party on the other hand receives nothing but what he has a right to receive, it follows that restoration is not necessary to right to sue. A careful reading of the cases wherein either fraud, mistake or duress are prominent in the considerations expressed, the opinions will reveal that the real reason of the decision is very often based on the fact of consideration.

It has been held, in cases involving damages for personal injuries, that ordinary duress but renders a settlement of the claim voidable and not void and as the claim is unliquidated restoration of *status quo* is a precedent to right to sue. [McCoy v. James T. McMahon Const. Co., 216 S. W. 770.]

It appears that where a good and sufficient consideration has

passed ordinary duress but renders the contract voidable and restoration of *status quo* becomes necessary to right to sue. [Wood v. Telephone Co., 223 Mo. 1. c. 563.]

As fraud has been eliminated from consideration, it follows that effect being given to the opinion in Wood v. Telephone Company, supra, the right of plaintiff in this case to sue without first tendering or paying back the $2500 cannot be concluded in her favor by reason of either fraud or duress.

It follows that the issue herein must be determined upon the fact alone as to whether the contract of settlement was supported by any valid consideration within the meaning of the law.

In the case of Biddlecom v. Assurance Company, reported in 167 Mo. App., at page 581, wherein a very similar compromise agreement was involved as in the case at bar. In that case, as in this, there was an instruction eliminating fraud. No duress, however, is directly involved in that case.

In the Biddlecom case, at page 588 of the opinion, the court says: "It is held that where the amount of the benefit in the policy was for a fixed sum, a settlement and receipt for a less sum was without consideration." The above case cites; Goodson v. National M. A. Association, 91 Mo. App. 1. c. 351; St. Joseph School Board v. Hull, 72 Mo. App. 403; Crowder v. Continental Casualty Co., 115 Mo. App. 1. c. 539. In the Biddlecom case it was specifically held that the return of $800, that had been paid in the compromise settlement, was not requisite to plaintiff's right to sue. For like reasons, we hold that there is no merit in defendant's first and second assignment of error.

As to defendant's assignment three (III), we conclude that as to the question of employment of an attorney by plaintiff, an issue of fact was raised by the evidence and hence the refusal was not error.

As to assignment of error No. IV, the giving of same would constitute a withdrawal of the issue of duress as was presented in plaintiff's instructions No. I and No. II. The defendant in assignment No. V, assigns the giving of plaintiff's said instructions as error and we therefore consider these assignments together.

A late decision cited in defendant's brief, R. S. Jacobs Banking Co. v. Federal Reserve Bank, 34 S. W. (2d) 173, clearly states the law. Therein, it is clearly expressed that to be duress the evidence must show constraint such as to virtually take away free agency. Duress is classified as *by force* and *ordinary*. We conclude that the evidence in the case at bar raises an issue of fact as to *ordinary* duress and we conclude there was no error in submitting that issue to the jury.

The defendant, under "Points and Authorities" No. V, presents the following:

"Plaintiff's instructions 1 and 2 are erroneous for the reason that

they do not submit to the jury the facts which constitute duress and undue influence. They submit a question of law which gives the jury a roving commission. They are broader than the pleadings by failing to restrict the jury to the specific acts alleged in the reply. [Macklin v. Fogel Const. Co., 31 S. W. (2d) 14; Pattonsburg Savings Bk. v. Koch, 255 S. W. 580; Munoz v. American Car Foundry Co., 296 S. W. 228; Higgins v. Medart Patent Pulley Co., 240 S. W. 252; Snyder v. Snyder (Ind.), 131 N. E. 248.]''

We find nothing in the authorities cited that we conclude supports defendant's contentions. In defendant's instruction ''M'' the elements involved are clearly set out and we consider that when the instructions are taken together there is no misdirection as to the issue of duress.

In defendant's brief under, ''Points and Authorities'' No. VI, the following is presented:

''The finding of the jury is for the wrong party. It is contradictory and inconsistent on the face of it and is in direct disregard to the court's instructions. [Burrel Collins Brok. Co. v. Hines (Mo. App.), 230 S. W. 371; Connelly v. Ill. Cent. R. R. Co., 120 Mo. App. 652, 97 S. W. 616; Healy v. R. R. Co. (R. I.), 37 Atl. 676; Fix v. Button (Ky.), 181 S. W. 174; McManus v. Lbr. Co. (Minn.), 123 N. W. 1080; Zeilian v. Joe Beggs & Co., 138 N. Y. Supp. 711; J. I. Case Threshing Mach. Co. v. Mittingly (Ky.), 134 S. W. 1131; Texas Elec. Ry. v. Bert (Tex.), 272 S. W. 255; Rubel v. Weiss (N. J.), 146 Atl. 42.]''

The authorities cited do not apply in this case for the reason that there is competent evidence supporting the findings of fact under instructions that fairly declare the law.

Under ''Points and Authorities'' No. VII, found in defendant's brief is the following:

''The verdict of the jury is the result of such passion and prejudice and sympathy that the appellate court should set it aside. This is shown both by the jury's disregard of the evidence and disregard of the court's instructions. [St. Paul Fire & Marine Ins. Co. v. Kendle (Ky.), 173 S. W. 373; Empey v. The Cable Co., 45 Mo. App. 1. c. 424; Lennick v. Street Ry. Co., 118 Mo. App. 611, 94 S. W. 996; Jones v. Railway Co., 228 S. W. 780, 1. c. 784.]''

It is, of course, the duty of the trial judge to set aside the verdict of a jury, if it be clearly shown that the verdict was the result of passion and prejudice and that the instructions were disregarded by the jury. However, trial courts are put in a much better position to judge as to such matters than is the appellate court and it does not come within the province of the appellate court to interfere in such matters, unless it be manifestly shown by the record that the ends of justice have been thwarted by the action of the jury in

that respect. We conclude that the record in this case does not present facts and conditions to justify us in setting the verdict aside.

In accordance with the conclusions reached, the judgment of the trial court. is affirmed. All concur.

### ON MOTION FOR REHEARING.

SHAIN, P. J.—Counsel for defendant in his motion for rehearing insists that our conclusions on the question of the settlement contract, to the effect that there was no lawful consideration for same under conditions shown, is based upon a theory not presented in the lower court.

The first point made by defendant in its brief is the assertion that the acceptance of the money paid barred plaintiff's action. A question of law being thus raised by defendant, it certainly became the duty of the court to determine same. The fact that the court gives reasons for its conclusions on a point raised by an appellant does not conflict with the rule that an appellate court must determine the issues on the same theory as presented and determined in the lower court.

Defendant complains that this court did not give consideration of its contention that acceptance of benefits of the actions of an attorney, even though not employed, bound the plaintiff.

As to the employment of Mr. Mitchell we stated in substance that the question of his employment was one for the jury.

As to the other phase now complained of, suffice it to say, that this court having, for reasons assigned, found that plaintiff received nothing that she was not entitled to receive and that defendant parted with nothing that it was entitled to retain, eliminates the question raised that plaintiff plaintiff received benefits by the services.

Our conclusion in the above matter is based upon the above and not upon any depreciatory holding as to the services of the learned counsel in question. We are glad to say that there is nothing shown in the record of this case, which reflects upon his professional conduct or which reflects upon his right to make charges for the same, and in the light of our conclusion, defendant got more in plaintiff's instruction No. 1 than it was entitled to when the recovery by plaintiff was predicated upon the question of whether the attorney was employed or not.

As to the omission, in the opinion, of the record evidence upon which we based our conclusion as to duress being an issue of fact in the case, we concluded that as the defendant so completely submitted the issue of duress in its given instructions "L" and "M," that the burdening of the opinion with the facts shown in the record as to that issue was superfluous. Further, it appears shown by the record that defendant did not raise the issue by demurrer nor otherwise

than by objection to a refusal of its instruction "C," and as before stated, defendant thereafter submitted the issue by its offered instruction. However, even to the extent of unnecessary length of judicial opinion and for the satisfaction of complaining counsel, we quote testimony of plaintiff as follows:

"They told me if I didn't sign it, there would be things brought out about my husband's character that would not be—business dealings that would be a disgrace to the family. They came in the bedroom. I didn't know I signed two things. They said they did not think they owed me anything. I did not read what I was signing. I didn't want to sign it but they told me to sign it."

Again plaintiff testifies:

"I didn't know what they would do. I didn't know anything about law. I didn't know whether the statement made by my daughter and Mr. Thore and Mr. Mitchell were true. He said he could get fifty witnesses from south St. Joseph that my husband did crooked dealings. I did not know whether that would happen in court if I did not sign. I signed the release because they said I would not get anything if I did not sign that, and my husband's character would be brought out and things—business dealings that he had that were crooked."

The evidence shows that the woman was at home, sick, nervous, and in bed when the instrument was signed.

"The character of threats is not material, it being sufficient to constitute legal duress if they deprive the party purporting to be obligated by the contract of free moral agency, and threats to expose the contracting party or his near relatives by blood or marriage to deep disgrace may be sufficient." [Mississippi Valley Trust Co. v. Begley, 252 S. W. 76, 298 Mo. 684.]

While we gladly set forth the evidence above, it should always be borne in mind, that the statute should not be so followed as to unduly swell the length of judicial opinions. [Smarr v. Smarr, 6 S. W. (2d) 860; Turner v. Anderson, 236 Mo. 533, 139 S. W. 180.]

Complaint is made of the language in instruction to-wit: "Threats and undue influence." Preceding in the instruction the jury was required to find that the execution of the instrument was under compulsion. When the instruction is read as a whole it limits the issue to duress by threats and undue influence of the officers and agents of defendant, and, as the instruction directs that it must be found that the same overcame plaintiff's will, we conclude, no error is presented.

Complaint is made that instructions do not set out facts of duress but submit the issue as one of law.

It is not customary to set out evidence in the instructions, and it is shown that defendant asked and received an instruction withdrawing from the jury such facts as it concluded did not constitute

duress. We conclude that the evidence, remaining after exclusion of all asked for by defendant, is a sufficient showing of fact to support the finding of the jury on that issue; that the instructions taken as a whole fairly declare the law; that there was a fair and impartial trial had in the lower court; and that there is nothing presented on defendant's motion for rehearing which alters our conclusions as expressed in the opinion handed down at the October call.

Motion for rehearing denied. All concur.